OVED & OVED LLP
*Attorneys for Plaintiff/Debtor*
401 Greenwich Street
New York, New York 10013
(212) 226-2376
Glen Lenihan, Esq.
Andrew Kincaid, Esq.

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Plaintiff/Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
In re:

SUFFERN PARTNERS LLC,

                                  *Debtor*.
----------------------------------------------------------------------- X
SUFFERN PARTNERS LLC,

                                  *Plaintiff,*

v.

CONTINENTAL KOSHER CATERING INC.
AND AVI MEYER,

                                  *Defendants.*
-------------------------------------------------------------------------x

Chapter 11

Case No. 21-22280(SHL)

**Adv. Pro. No. 21-_____**

Plaintiff Suffern Partners LLC, the above-captioned Debtor and Debtor-in-Possession ("Debtor" or "Landlord"), by and through its undersigned counsel, brings this adversary proceeding, and for its Complaint against Defendants Continental Kosher Catering Inc. ("CKC") and Avi Meyer ("Meyer") alleges as follows:

## NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 105 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Pursuant to a written lease agreement, Debtor leased certain commercial space to CKC for an eleven-year term beginning March 1, 2019 and Meyer unconditionally guaranteed CKC's payment obligations. CKC immediately breached the lease by failing to pay the rent due for April 2019, and has refused to pay rent ever since.

3. As a result of CKC's continued and ongoing breaches of the lease, Debtor was forced to commence a proceeding against CKC in Rockland County Justice Court, Town of Ramapo (the "L&T Action"). After a trial spanning six days, the Justice Court issued a Decision and Order on March 11, 2020 (the "Order"), finding in favor of Debtor, directing entry of a money judgment against CKC in the amount of $274,323.52, representing, among other things, unpaid rent through March 11, 2020, and directing the issuance of a warrant of eviction of CKC from the subject premises.

4. CKC has failed to satisfy any portion of the judgment. Moreover, CKC has remained in full possession of the subject premises since the Order was issued in the L&T Action and has failed and refused to make any payments to Debtor for its ongoing use and occupancy.

5. Accordingly, Debtor brings this action to recover $993,034.38 against CKC and Meyer, as guarantor, due and owing since March 11, 2020 through July 15, 2021 – the date on which Debtor sold the subject property.

## THE PARTIES

6. Debtor is a New York limited liability company with a principal place of business in Rockland County, New York.

7. Defendant Continental Kosher Catering Inc., upon information and belief, is a New York corporation with a principal place of business in Rockland County, New York.

8. Defendant Avi Meyer, upon information and belief, is CKC's principal and a resident of New York.

## JURISDICTION AND VENUE

9. This adversary proceeding arises from, and relates to, the Debtor's case pending before this Court under Chapter 11 of the Bankruptcy Code.

10. The Court has jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

11. This Court has subject matter jurisdiction over the claims in this proceeding pursuant to 28 U.S.C. § 1334(b), and venue of this proceeding is based upon 28 U.S.C. § 1409 and is proper, inasmuch as this is a proceeding arising in a case under the Bankruptcy Code.

12. This Court has subject matter jurisdiction over the claims in this proceeding pursuant to 28 U.S.C. §1334 (b).

13. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C) and (O) and, pursuant to Rule 7008 of the Bankruptcy Rules, Debtor consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

# FACTS

**A.     The Lease and CKC's Default for Failure to Pay Rent**

14.     Debtor owned the real property located at 25 Old Mill Road, Suffern, New York (the "Property") until it sold the Property on July 15, 2021.  Since July 2018, CKC has been in full and continuous possession of an approximately 40,000 square foot portion of the Property (the "Premises"), when CKC began occupying the Premises without a written lease and without paying rent.

15.     On December 21, 2018, the parties, both represented by counsel, executed a heavily negotiated triple-net lease for the Premises (the "Lease").  The Lease's term began on March 1, 2019 and continued through February 28, 2030.

16.     The Lease required CKC to pay monthly rent to Debtor, plus other costs, including CKC's share of real estate taxes.  CKC was obligated to pay the following base rent amounts:

| Lease Month | Monthly Base Rent | Annual Base Rent |
| --- | --- | --- |
| 1-12 | $33,110.06 | $397,320.72 |
| 13-24 | $33,788.42 | $405,460.80 |
| 25-36 | $34,434.47 | $413,213.64 |
| 37-48 | $35,209.73 | $422,516.76 |
| 49-60 | $36,017.29 | $432,207.48 |
| 61-72 | $37,083.27 | $444,999.24 |
| 73-84 | $38,213.86 | $458,566.32 |
| 85-96 | $39,344.45 | $472,133.40 |
| 97-108 | $40,539.64 | $486,475.68 |
| 109-120 | $41,767.13 | $501,205.56 |

| 121-132 | $42,994.63 | $515,935.56 |

Additionally, CKC was obligated to pay $6,460.50 each month for its share of real estate taxes.

17. In the event that CKC failed to timely pay rent and other amounts due, the Lease required CKC to pay Debtor interest on unpaid rent and other amounts due at the rate of prime plus 4%, along with a late charge equal to 10% of unpaid rent and other amounts due.

18. The Lease further provides that the party "who substantially obtains or defeats the relief sought" in any action "involving the Premises" shall recover its full attorneys' fees and costs from the other party, which "shall not be computed in accordance with any court fee schedule."

19. Despite having full and continuous possession of the Premises since July 2018, CKC paid rent for March 2019 only. After failing to pay rent and other amounts due from April 2019, on May 2, 2019, Debtor commenced the L&T Action seeking a money judgment against CKC and to recover possession of the Premises.

**B.    Debtor Obtains a Warrant of Eviction and Money Judgment Against CKC**

20. During the L&T Action, CKC asserted five affirmative defenses: fraudulent inducement; breach of the Lease; breach of a Utilities Provision Agreement; constructive eviction; and private nuisance.

21. After conducting a full trial over six days and receiving extensive post-trial briefing, the Justice Court issued the Order holding, among other things, that CKC breached the Lease, rejecting CKC's defenses, directing Debtor to submit a money judgment for entry against CKC for unpaid amounts due under the Lease through March 11, 2020, and directing Debtor to submit a warrant of eviction for issuance.

22. On August 25, 2020, the Justice Court entered a money judgment against CKC and in favor of Debtor in the principal amount of $274,323.52 (the "Judgment") and issued a Non-Payment Warrant to evict CKC from the Premises.

C. **CKC Failed to Vacate the Premises and Failed to Pay Any Amounts to Debtor**

23. To date, CKC has failed to satisfy the Judgment and, prior to Debtor's sale of the Property on July 15, 2021, CKC had failed to vacate the Premises.

24. Despite continuing to occupy the Premises and operate its business, CKC has not paid any rent or other amounts to Debtor.

25. Moreover, despite failing to pay any amounts to Debtor, CKC filed claim number 10 in this Chapter 11 Case (the "Claim"), asserting that it is entitled to "at least $3,955,000" in expenses, lost revenue, and unreimbursed payments arising from Debtor's purported fraudulent inducement and breach of the Lease. In other words, CKC attempted to repackage the exact same claims that the court in the L&T Action already rejected. Due to CKC's filing of this frivolous claim, Debtor was forced to expend fees in objecting the Claim, which application is presently pending before the Court.

26. Accordingly, CKC is in default under the Lease, and Debtor is entitled to the outstanding rents due from March 11, 2020, plus late charges, interest, and its attorneys' fees for having to bring this separate proceeding against CKC, as well as defend against CKC's frivolous Claim.

D. **Meyer is Liable for CKC's Breach**

27. To induce Debtor to lease the Premises to CKC, Meyer guaranteed CKC's performance under the Lease.

28. Specifically, in the "Guaranty" annexed to the Lease as Exhibit D, Meyer represented that he "guaranties, unconditionally and absolutely" to Debtor "the payment when due of the Base Rent and all other Rent" payable by CKC under the Lease and "any and all other damages for which Tenant shall be liable" without requiring any notice or demand.

29. CKC has refused to pay rent since April 2019, notwithstanding the entry of the Judgment, and Meyer has failed to make such payments to Debtor as guarantor.

### AS AND FOR THE FIRST CLAIM
(Breach of Lease)

30. Debtor repeats, reiterates and re-alleges each and every allegation as contained in the previous paragraphs with the same force and effect as if more fully set forth herein.

31. The Lease is a valid, binding and enforceable contract.

32. Debtor complied with its obligations under the Lease.

33. As set forth above, CKC has failed to pay any amounts to Debtor as required by the Lease since March 11, 2020, after the court issued the Order in the L&T Action.

34. As set forth above, CKC remains in full possession and control of the Premises.

35. As a result of the foregoing, CKC is currently indebted to Debtor in an amount to be determined at trial, but in no event less than $993,034.38, plus costs, interest, expenses and attorneys' fees.

### AS AND FOR THE SECOND CLAIM
(Breach of Guaranty)

36. Debtor repeats, reiterates and re-alleges each and every allegation as contained in the previous paragraphs with the same force and effect as if more fully set forth herein.

37. The Guaranty is a valid, binding and enforceable contract pursuant to which Meyer unconditionally and absolutely guaranteed CKC's obligations to Debtor.

38. Debtor complied with its obligations under the Guaranty.

39. As set forth above, CKC has breached the Lease by failing to pay any amounts to Debtor as required by the Lease since March 11, 2020.

40. As set forth above, Meyer has breached his obligations under the Guaranty by failing to make such payments to Debtor.

41. As a result of the foregoing, Meyer is liable to Debtor in an amount to be determined at trial, but in no event less than $993,034.38, plus costs, interest, expenses and attorneys' fees.

### AS AND FOR THE THIRD CLAIM
### (Unjust Enrichment)

42. Debtor repeats, reiterates and re-alleges each and every allegation as contained in the previous paragraphs with the same force and effect as if more fully set forth herein.

43. In the event that the Court finds the Lease to not be a valid, binding contract, CKC has been unjustly enriched at Debtor's expense by failing to pay use and occupancy while retaining full possession of the Premises since March 11, 2020.

44. As a result of the foregoing, Debtor has been damaged in an amount to be determined at trial, but in no event less than $993,034.38, plus costs, interest, expenses and attorneys' fees.

### AS AND FOR THE FOURTH CLAIM
### (Declaratory Judgment)

45. Debtor repeats, reiterates and re-alleges each and every allegation as contained in the previous paragraphs with the same force and effect as if more fully set forth herein.

46. As set forth above, the Lease provides that the prevailing party in any dispute regarding the Premises shall be entitled to recover its attorneys' fees and other costs, which shall not be computed in accordance with any court fee schedule.

47. As set forth above, in addition to bringing this instant proceeding, Debtor has been forced to incur attorneys' fees in defending against CKC's Claim.

48. If Debtor is successful in defending against the Claim, CKC is obligated to reimburse Debtor its attorneys' fees and costs incurred in connection therewith.

49. There is presently a justiciable controversy between the parties.

50. In light of the foregoing, Debtor requests a declaratory judgment that CKC is obligated to reimburse Debtor's attorneys' fees and costs incurred in defending against the Claim in an amount to be determined at trial.

**WHEREFORE**, Debtor hereby requests that the Court grant the following relief:

(i) A money judgment against CKC and Meyer in favor of Debtor in an amount to be determined at trial of no less than $993,034.38, plus pre-judgment interest;

(ii) A declaration that CKC is obligated to reimburse Debtor's attorneys' fees and costs incurred in defending against the Claim in an amount to be determined at trial;

(iii) Debtor's costs and disbursements incurred in this suit;

(iv) Debtor's attorneys' fees to the full extent permitted by law; and

(v) Any such further relief that the Court deems just and proper.

Dated: August 24, 2021
New York, New York

By: /s/ Glen Lenihan
Glen Lenihan, Esq.
Andrew Kincaid, Esq.
OVED & OVED LLP
*Attorneys for Plaintiff/Debtor*
401 Greenwich Street
New York, New York 10013
(212) 226-2376
glenihan@ovedlaw.com
akincaid@ovedlaw.com

Jonathan S. Pasternak, Esq.
DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Plaintiff/Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
jsp@dhclegal.com